```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO.: 16-22306-Civ-SEITZ
                                   (04-20285-Cr-SEITZ)
                          MAGISTRATE JUDGE PATRICK A. WHITE
```

BRUNO GASPAROTTO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT OF MAGISTRATE JUDGE RE
RECOMMENDING LIFT OF STAY AND
DISMISSAL/DENIAL OF MOTION TO VACATE**

**I.   Introduction**

The movant, a federal prisoner, filed this motion to vacate, pursuant to 28 U.S.C. §2255, challenging the constitutionality of his enhanced sentence as a career offender, entered in **case no. 04-20285-Cr-Seitz,** following the entry of a guilty plea. The matter was previously stayed and administratively closed pending the United States Supreme Court's decision in Beckles v. United States, ___ U.S. ___, ___ S.Ct. ___, 2017 WL 855781 (U.S. Mar. 6, 2017). On March 6, 2017, the Supreme Court unanimously agreed in Beckles that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under Fifth Amendment Due Process Clause. Beckles v. United States, supra.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the

United States District Courts.

The Court has re-reviewed the movant's motion with incorporated memorandum (Cv-DE#1), and all pertinent portions of the underlying criminal file, including the Presentence Investigation Report ("PSI") and Statement of Reasons ("SOR").[1]

## II. Claims

This court, recognizing that movant is *pro se,* afforded him liberal construction pursuant to Haines v. Kerner, 404 U.S. 419 (1972). Movant argues that, in light of the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015) ("Samuel Johnson"), his enhanced sentence as a career offender is unlawful, and he is therefore entitled to vacatur of his sentence and a resentencing hearing without the enhancement. (Cv-DE#1).

## III. Preliminary Issue-Lifting Motion to Stay

Briefly, the movant filed this motion to vacate his sentence arguing that he no longer qualifies as a career offender under the Sentencing Guidelines. He contends that his prior convictions no longer qualify as violent felonies because the residual clause contained in the career offender enhancement provisions of the U.S. Sentencing Guidelines is virtually identical to the residual clause held deemed void for vagueness in Samuel Johnson.

Movant's counsel sought a stay, noting that the Eleventh Circuit had recognized that the Supreme Court's decision in Beckles

---

[1]The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

2

may directly abrogate its prior precedent in <u>Matchett</u>[2] and <u>Griffin</u>[3].. See <u>In re Wordley</u>, Case No. 16-13620, Memorandum Op. at 7 (11th Cir. July 12, 2016) (Martin, J., concurring); <u>In re Sapp</u>, Case No. 16-13338-J, 2016 WL 3648334, at *2-7 (11th Cir. 2016)(Disagreeing with the holding in <u>In re Griffin</u>, but recognizing that they are bound by that decision). **(Cv-DE#7).** The Undersigned issued a report recommending granting the request for a stay and recommending that the case be administratively closed pending the decision in <u>Beckles</u>. **(Cv DE# 8).** The District Court adopted the report and administratively closed the case. **(CV DE# 9)**.

## IV. <u>Procedural History</u>

The movant was convicted, following a guilty plea, of conspiracy with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §846 (count 1) and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A) (count 6). (CR DE# 79).

A PSI was prepared which revealed that the Petitioner was a career offender. (PSI ¶32). He was adjudicated guilty and sentenced to 168 months' imprisonment as to count 1 and to 60 months' imprisonment as to counts 6, to run consecutively for a total of 228 months. (CV DE# 79).

Petitioner appealed. On **October 3, 2005,** the Eleventh Circuit affirmed in part and reversed in part the movant's judgment. (Cr-DE#123). The District Court entered an amended judgment on **November 18, 2005** sentencing the Petitioner to 127 months' imprisonment as

---

[2]<u>United States v. Matchett</u>, 802 F.3d 1185, 1193-96 (11th Cir. 2015).

[3]<u>In re Griffin</u>, __ F.3d __, 2016 WL 3002293 (11th Cir. May 25, 2016).

to count 1 and to 60 months' imprisonment as to counts 6, to run consecutively for a total of 187 months . (CR DE# 127).  No direct appeal was prosecuted. Thus, the judgment became final on **Monday, November 28, 2005,** when the 10-day period for prosecuting a direct appeal expired.[4]

Therefore, for purposes of the federal limitations period, the movant had one year from the time his conviction became final on **November 28, 2005,** or **no later than November 28, 2006,** within which to timely file this federal habeas petition. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means petitioner's limitations period expired on **November 28, 2006.**

After proceedings not relevant to the timeliness issue herein, the movant waited **approximately eleven years** from the time his

---

[4]Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011). On December 1, 2009, the time for filing a direct appeal was increased from 10 to 14 days days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed.R.App.P. 26(a)(1). The movant was sentenced before the effective date of the amendment, thus he had **ten** days, **excluding** Saturdays and Sundays, within which to file his notice of appeal. See Fed.R.App.P. 26(a)(1)(B).

4

conviction became final on **November 28, 2005** until he returned to this court, filing the instant motion on **June 16, 2016.**[5] (Cv-DE#1).

## V. Timeliness

The movant suggests that this federal proceeding was timely instituted because it was filed within a year of the Supreme Court's decision in Samuel Johnson. (Cv-DE#1). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. §2255(f), as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional

---

[5]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

>> right asserted was initially recognized
> by the Supreme Court, if that right has
> been newly recognized by the Supreme
> Court and made retroactively applicable
> to cases on collateral review; or
>
> (4) The date on which the facts supporting
> the claim or claims could have been
> discovered through the exercise of due
> diligence.

See 28 U.S.C. §2255(f); see also, Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001); see also, Bousley v. United States, 523 U.S. 614 (1998)(new substantive not constitutional rule applies retroactively on collateral review, finding that the issue there was the product of statutory interpretation and not constitutional determinations that place particular conduct covered by a statute beyond the State's power to punish). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the movant. See e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

1. **Section 2255(f)(1).** Under §2255(f)(1), as discussed above, the movant's conviction became final on **November 28, 2005,** when time for filing a direct appeal expired. The movant had one year from the time his conviction became final within which to timely file this initial collateral proceeding. The §2255 motion was not filed until **2016**, approximately **eleven years** after movant's conviction became final, and long after the one-year federal limitations expired. Consequently, movant is not entitled to statutory tolling of the limitations period. Therefore, movant cannot rely on §2255(f)(1) to establish the timeliness of this

motion since approximately **11 years** elapsed from the time the conviction became final until he filed this §2255 motion.

   **2.   Section 2255(f)(2) and (3).** For purposes of timeliness, however, the inquiry is not at an end. Pursuant to §2255(f)(2), the limitations period commences from the date on which the impediment created by the government is removed if such impediment prevented movant from timely filing the motion. Movant somehow believes that the impediment to relief was created by the government because no binding precedent existed which would enable him to collaterally attack his sentence. However, the movant is mistaken. The government did not create the impediment.

   Rather, in legal effect, construing his arguments liberally, movant suggests that his §2255 motion is timely because he raises a right to relief based on the Supreme Court's recent decision in Johnson v. United States ___ U.S. ____, 135 S.Ct. 2551, ___ L.Ed.2d ___ (2015), which was decided on **June 26, 2015**. Movant claims that, in light of Johnson, he is entitled to consideration of the merits and relief.

   In other words, pursuant to §2255(f)(3), movant appears to claim the motion is timely because it was instituted less than one year from the issuance of the Supreme Court's decision in Samuel Johnson. It is true that both the Supreme Court and the Eleventh Circuit have determined that Samuel Johnson is retroactively applicable to cases on first time collateral review, as is the movant's situation here. First, the Eleventh Circuit Court of Appeals, in binding authority, determined that Johnson "appl[ies] retroactively in the first post-conviction context." Mays v. United States, ___ F.3d ____, 2016 WL 1211420, at *1 (11th Cir. March 29, 2016) (published). Thereafter, on **April 18, 2016,** the **Supreme Court**

also made <u>Johnson</u> retroactively applicable to cases on first post-conviction collateral review. <u>See</u> <u>Welch v. United States</u>, 2016 WL 1551144, 578 U.S. ___ (April 18, 2016).

However, the movant cannot utilize the <u>Samuel Johnson</u> decision to circumvent the statute of limitations because the <u>Samuel Johnson</u> decision is not applicable to the movant's sentence. Careful review of the PSI, reveals movant was not enhanced as an armed career criminal, but rather as a career offender. In light of the Supreme Court's recent decision in <u>Beckles</u>, <u>supra</u>, the movant is not entitled to relief pursuant to <u>Samuel Johnson</u>. Because the Supreme Court in <u>Beckles</u> determined that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under Fifth Amendment Due Process Clause, the movant cannot utilize <u>Samuel Johnson</u> to circumvent the timeliness of this federal proceeding. Even if he were not time-barred, he is not entitled to relief under <u>Samuel Johnson</u>.

Movant has also not demonstrated that he is entitled to equitable tolling, which is a rare and extraordinary remedy. <u>See</u> <u>San Martin</u>, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland</u>, 560 U.S. 649 (citation and internal quotation marks omitted); <u>see also</u> <u>Diaz v. Sec'y for Dep't of Corr's</u>, 362 F.3d 698, 702 (11th Cir. 2004)(characterizing the equitable-tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence."(emphasis supplied)).

The extraordinary circumstances must be circumstances beyond

the petitioner's control. See Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. See San Martin, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." Id. (quotations omitted).

For example, the Supreme Court has rejected the contention that counsel's mistake in miscalculating the federal limitations period entitles a petitioner to equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336–37, 127 S.Ct. 1079, 1088-89, 166 L.Ed.2d 924 (2007). Specifically, the Court has held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." Id.

Next, in Holland, the Supreme Court, while reiterating that mere attorney negligence does not warrant equitable tolling, nevertheless held that an attorney's serious misconduct may warrant such tolling. 560 U.S. at 652. The defendant in Holland filed a *pro se* federal habeas petition after the filing deadline had already passed, but he contended that the statute of limitations should have been equitably tolled. Id. at 635. In support, he alleged that, during the two years while his state habeas petition was pending before the Florida Supreme Court, his attorney, Mr. Collins, communicated with him only three times, and each time only by letter. Id. at 63 5-36. During this time, Mr. Collins never met with him or updated him on the status of his case. Id. After Collins argued Holland's appeal before the state supreme court, Holland wrote him multiple letters regarding the importance of filing his federal habeas petition timely. Id. at 637–39. Despite

9

Holland's attempts to communicate, Mr. Collins ultimately missed the filing deadline for his federal habeas petition. Id. at 638-39. Once Holland learned-in the prison library, not from his attorney-that the Florida Supreme Court had already decided his case and the federal filing deadline had passed, he immediately filed his own *pro se* federal habeas petition. Id. at 639.

While the Supreme Court reiterated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," it concluded that Holland had not presented such a "garden variety claim." 560 U.S. at 651-52 (internal quotation marks omitted). Rather, the facts of Holland's case presented "far more serious instances of attorney misconduct." Id. The Court found that, while Mr. Collins' failure to timely file Holland's federal habeas petition and his apparent unawareness of the filing deadline date suggested simple negligence, that did not mark the end of Collins' failures:

> Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

Id. at 652. Further, during his state post-conviction proceedings,

Holland had unsuccessfully sought to discharge his attorney, complaining to the Florida Supreme Court that there had been "a complete breakdown in communication," that counsel had "not kept him updated on the status of his capital case," and that counsel had "abandoned" him. Id. at 636–37 (quotation marks and brackets omitted). The Court concluded that under the circumstances, Mr. Collins' misconduct may have constituted extraordinary circumstances warranting equitable tolling, and remanded the case for such a determination. Id. at 652.

Two years later, in Maples v. Thomas, ___ U.S. ____, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012), the Supreme Court revisited the question of when attorney misconduct may rise to the level of "extraordinary circumstances beyond a [petitioner's] control," albeit in the context of what it takes to establish cause to excuse a state procedural bar to federal habeas relief. Id. at 924. In Maples, the petitioner, an Alabama death-row inmate, had been represented by two *pro bono* attorneys from a New York law firm and a local attorney recruited for the sole purpose of allowing the out-of-state attorneys to be admitted *pro hac vice.* Id. at 918–19. While Maples' state post-conviction petition was pending, the two New York attorneys left their law firm for positions that rendered them ineligible to continue to represent him. Id. at 919, 924. Neither attorney, however, notified Maples of his departure and resulting inability to represent Maples. Id. at 919. Nor did either of them ask the state trial court for leave to withdraw or move for substitution of counsel. Id. Without the assistance of his listed attorneys of record, Maples did not receive timely notice of the denial of his state post-conviction petition and, as a result, failed to timely appeal that ruling, which led to the procedural default of his claims in federal court. Id. at 920–21.

11

As a result, in Maples, the Supreme Court reaffirmed the general rule that, "under well-settled principles of agency law," a petitioner "bears the risk of negligent conduct on the part of his [attorney]" and, for that reason, is ordinarily bound by counsel's failure to meet a filing deadline. Id. at 922 (quotation marks omitted). The Court held, however, that "[a] markedly different situation is presented ... when an attorney abandons his client without notice" and thereby "sever[s] the principal-agent relationship," at which point counsel's "acts or omissions ... cannot fairly be attributed to the client." Id. at 922–23 (quotation marks and brackets omitted). The Court concluded that counsel had abandoned Maples because, as a matter of both common sense and agency law principles, he was effectively "left without any functioning attorney of record" and had "been reduced to pro se status." Id. at 927.

The Eleventh Circuit, in Cadet v. Fla. Dep't of Corr's, 742 F.3d 473 (11th Cir. Jan. 31, 2014), considered Holland and Maples, in determining the test for equitable tolling of the AEDPA's statute of limitations period, where a petitioner alleges the late filing was caused by his attorney's conduct. The Eleventh Circuit held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship, such as may have occurred in Holland, is required." Cadet, 742 F.3d at 481-82, at **8 (footnote omitted).

Unlike the situation in Holland, the circumstances in this case do not involve attorney misconduct. To the contrary, here he attempts to circumvent the limitations period by bringing his claim in light of the Supreme Court's decision in Samuel Johnson, which is not applicable to the movant.

Next, to the extent movant suggests that he is an unskilled layperson who has limited knowledge of the law and is, therefore, entitled to liberal treatment, this argument also warrants no relief.[6] Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

The Eleventh Circuit has further held that a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion does not warrant equitable tolling of the limitations period. See Perez v. Florida, 519 Fed.Appx. 995, 997 (11th Cir. 2013)(quoting, Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required)); Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000)(citing cases), cert. den'd, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations). As with any litigant, *pro se* litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

---

[6]As correctly maintained by movant, pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, contrary to movant's apparent belief, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

13

To the extent movant means to argue that he is entitled to equitable tolling of the limitations period, in that the failure to review his challenges on the merits will result in a fundamental miscarriage of justice, that claim also warrants no relief. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See Taylor v. Sec'y, Dep't of Corr's, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). But cf. United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his §2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F .3d

974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence might support equitable tolling of the limitation period, notwithstanding, petitioner has failed to make a substantial showing of actual innocence.

Were "actual innocence" an exception to the application of the one-year limitations provisions of §2255, the Court would still be precluded from reviewing the claim presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id.; see also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8 Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

To be credible, a claim of actual innocence requires the movant to "support his allegations of constitutional error with new

15

reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such showing has been made here. Even if such an exception exists, the movant has failed to make the requisite showing of actual innocence that would support consideration of his untimely motion to vacate on the merits. On the record before this court, no fundamental miscarriage of justice will result by time-barring this federal petition.

Movant has, therefore, not made the threshold showing of actual innocence. In other words, movant has not presented sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings. See Milton v. Sec'y, Dep't of Corr's, 347 Fed.Appx. 528, 531-532 (11th Cir. 2009)(unpublished) (holding that affidavits proffered by *pro se* habeas petitioner were insufficient to establish actual innocence of murder, as would allegedly have created an exception to one-year limitations period, because affidavits were presented more than ten years after murder and eight years after petitioner's trial, the affiants were in most cases aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another individual in the murder).

Under the totality of the circumstances present here, the movant's dilatory behavior cannot qualify him for equitable tolling. As a result of movant's failure to diligently pursue his rights, he has failed to demonstrate that he qualifies for

16

equitable or statutory tolling. For all of the foregoing reasons, this §2255 motion should be dismissed as time-barred.

### VI.  Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001).

After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997).  Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if movant does not agree, he may bring this argument to the attention of the district judge in objections.

## VII. Conclusion

Based on the foregoing, it is recommended that: (1) the Report recommending staying and administratively closing this case pending Beckles be vacated; and, (2) that this motion to vacate be DISMISSED as time-barred. Finally, it is further recommended that no certificate of appealability issue, and the case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 16th day of March, 2017.

    s/Patrick A. White
    UNITED STATES MAGISTRATE JUDGE

cc:  Bruno Gasparotto
     Reg. No. 70763-004
     Coleman II-USP
     United States Penitentiary
     Inmate Mail/Parcels
     Post Office Box 1034
     Coleman, FL 33521
     PRO SE

```
Elizabeth Rainbow Willard
Federal Public Defender
150 West Flagler Street, Suite 1700
Miami, FL 33130
305-530-7000
Fax: 305-536-4559
Email: rainbow_willard@fd.org

Robert K. Senior
United States Attorney's Office
99 NE 4 Street, 8th Floor
Miami, FL 33132
Email: robert.senior@usdoj.gov
```